UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE DANIEL ESPINOZA,<br><br>    Defendant. | CASE NO. CR20-092 JCC<br><br>ORDER DENYING REQUEST TO REOPEN DETENTION ORDER |

Defendant has been indicted on a charge of Conspiracy to Distribute Controlled Substances (Dkt.1.) Defendant was detained by this Court following a detention hearing. (Dkt. 145.) Defendant recently moved to reopen the detention order. (Dkt. 321.) The motion was denied. (Dkt. 329.)

Defendant again moves to reopen this Court's detention order (Dkt. 337.). In support of his motion, defendant proffers his covid-positive status and difficulties with attorney-client telephone communication due to quarantine measures taken by the FDC in response to positive

ORDER DENYING REQUEST TO
REOPEN DETENTION ORDER

PAGE -1

covid-19 testing among inmates and staff.   The government opposes the motion. (Dkt. 340.) This motion was referred by The Honorable John C. Coughenour to the undersigned for decision.   The Court finds the motion appropriate for decision without oral argument.

A request to reopen a detention hearing is based on 18 U.S.C. § 3142(f)(B), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id.*

Without deciding if defendant's covid-positive status and restrictions on attorney-client telephone communication due to quarantine measures at the FDC are sufficient grounds to reopen the detention hearing under 18 U.S.C. § 3142(f)(B), the Court again finds defendant has failed to rebut the presumption he poses both a risk of nonappearance and a risk of danger.   To control the exposure of inmates and staff and the spread of the corona virus within the facility, the FDC has temporarily adopted restrictions on non-emergency phone calls, including legal calls, to minimize movement of individuals.   This decision was based on the identification of this movement as one likely vector for the spread of the virus within the facility. While these quarantine measures have temporarily affected the nature and frequency of attorney-client telephone communication, the government notes inmates may continue to receive and send legal mail.

Trial in this case is currently set for October 4, 2021.   Defendant does not contend these restrictions have unconstitutionally affected his right to prepare for trial and, indeed, it

ORDER DENYING REQUEST TO
REOPEN DETENTION ORDER

PAGE -2

would be difficult to give credence to such an argument given the reality that no in-person criminal jury trials are currently being conducted in this District. Instead, defendant argues the restrictions on access to telephone calls has affected the ability of his attorney to assure defendant is "safe and being provided adequate medical care." (Dkt. 337 at 5.) In response, the government notes the availability of the Freedom of Information Act to defense counsel to obtain updated information regarding the health of a client, and the agreement of the Bureau of Prisons and the U. S. Attorneys Office to inform counsel if any inmate requires hospitalization because of symptoms of the virus. As of this date, neither defendant nor any other inmate has been hospitalized for this reason.

Further, defendant does not succeed in rebutting the presumption he poses both a risk of flight and a risk of danger. As noted in the Court's detention order and its previous order denying reopening (Dkt. 145, 329), defendant's criminal record shows multiple incidents of violation of supervision, as well as allegations of actions on behalf of the conspiracy involving violence or threats of violence. Defendant fails to make the required showing that would justify reopening the Court's determination that defendant poses a risk of danger and a risk of nonappearance.

Defendant's motion to reopen the detention hearing is DENIED.

DATED this 23rd day of December 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING REQUEST TO
REOPEN DETENTION ORDER

PAGE -3